Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7401 | **DATE** | 9/29/2004 |
| **CASE TITLE** | Wade vs. New Century Mtge Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER. Wade's motion for leave to amend her complaint is denied. Since the Complaint failed to establish that defendants violated TILA, it does not state a claim under the Illinois Consumer Fraud Act. Therefore, Count III is dismissed. New Century's motion to dismiss is granted. Plaintiff voluntarily dismissed Count I and II against Ocwen and Does. Therefore, New Century is the only remaining defendant as to Counts I and II. All pending motions are declared moot.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 1 copy to Judge Marovich / number of notices | Document Number |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | SEP 3 0 2004 date docketed | 60 |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | JKM docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| ✓ | Copy to judge/magistrate judge. | | date mailed notice | |
| | JD courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

DOCKETED
SEP 30 2004

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Denise Wade,<br><br>    Plaintiff,<br><br>v.<br><br>New Century Mortgage Corporation,<br><br>    Defendant. | 03 C 7401<br>Judge George M. Marovich |

## MEMORANDUM OPINION AND ORDER

Plaintiff Denise Wade ("Wade") filed a three-count Complaint against New Century Mortgage Corporation ("New Century"); Providential Bancorp, LTD ("Providential"); Jet Title Services, LLC ("Jet Title"); Ocwen Federal Bank FSB ("Ocwen"); and Does 1-5 ("Does") (collectively "Defendants")[1]. Wade brings a class action claim and an individual claim against New Century, Ocwen, and Does 1-5 alleging that they violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 (Counts I and II) by understating the finance charge on her mortgage and overstating the title insurance charges. Wade also brings a claim against all defendants alleging that they violated the Consumer Fraud and Deceptive Business Practices Act ("Illinois Consumer Fraud Act"), 815 Ill. Comp. Stat. 505/2 (Count III) by engaging in unfair and deceptive acts and practices when they understated the finance charge on her mortgage and overstated the finance charge on the amount of the loan made to Wade. For the reasons set forth below, Defendants' Motion to Dismiss is granted.

---

[1] Plaintiff voluntarily dismissed Counts I and II against Ocwen and Does. Therefore, New Century is the only remaining defendant as to Counts I and II.



## BACKGROUND

The Complaint alleges the following relevant facts which, for the purposes of deciding this motion, are taken as true. Hishon v. King & Spaulding, 467 U.S. 63, 73 (1984). Prior to July 23, 2002, Wade retained Providential to act as her mortgage broker. Providential arranged for her a $111,750 mortgage loan with a 10.5% finance charge from New Century. The closing on the loan took place on July 23, 2002. Wade did not believe, based on the information contained in the note, mortgage, or itemization of finance charges, that New Century Mortgage Corporation treated any title insurance related charges as finance charges. Wade was charged $1,186 for "title insurance," which consisted of $572 for a "title search fee" to Lakeshore Title Agency, $469 for title insurance to Jet Title, and $145 for "endorsements" to Jet. Wade could have acquired title insurance from Chicago Title for $500-$550. Thus, only $469 was actually for title insurance and the remaining $717 was a hidden broker fee for Providential, Wade's broker. Due to the common ownership between Providential and Jet Title, Providential was able to keep the $717 as extra broker compensation. Providential arranged for Wade to acquire title insurance from Jet Title, at the unnecessarily high price of $1,186. Providential and Jet Title concede that there is a relationship between the two companies. Barret Mikelberg and Sammy Averbuch are managers and owners of both companies. However, Wade does not allege any relationship between Lakeshore Title Agency ("Lakeshore"), the company that performed the title search, and any of the defendants in this case. Wade filed a Motion to Dismiss the Complaint. Wade subsequently filed a Motion to Amend the Complaint.

## DISCUSSION

I. Standard for a Motion to Dismiss

When considering a motion to dismiss, a court must view the complaint's allegations in the light most favorable to the plaintiff, and all well-pleaded facts in the complaint must be accepted as true. Wilson v. Formigoni, 42 F.3d 1060, 1062 (7th Cir. 1994). To withstand a motion to dismiss, a complaint must allege facts which sufficiently set forth the essential elements of the cause of action. Gray v. County of Dane, 854 F.2d 179, 182 (7th Cir. 1988). Dismissal is proper only if it appears beyond a doubt that a plaintiff can prove no set of facts in support of a claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

II. TILA Claim

New Century contends that Wade fails to state a claim under TILA and thus Counts I and II should be dismissed. "TILA defines the type of charges that must be included in the computation of finance charges. When the type of credit is secured by an interest in real property, the 'fees or premiums for title examination, title insurance, or similar purposes,' in addition to other fees not relevant here, are to be exempted from computation of the finance charge." 15 U.S.C. § 1605(e)(1). "Regulation Z, the federal regulation that implements TILA, similarly provides that 'fees for title examination, abstract of title, title insurance, property survey, and similar purposes' are not finance charges 'if the fees are bona fide and reasonable.'" 12 C.F.R. § 226.4(c)(7)(i). Further, regulation Z provides a calculation for determining the reasonableness standard:

> Tolerances for accuracy - (1) One-half of 1 percent tolerance.
> Except as provided in paragraphs (g)(2) and (h)(2) of this section,
> the finance charge and other disclosures affected by the finance

3

> charge (such as the amount financed and the annual percentage rate)
> shall be considered accurate for purposes of this section if the disclosed
> finance charge:
>
> (i) is understated by no more than ½ of 1 percent of the face amount
> of the note or $100, whichever is greater.

12 C.F.R. § 226.23(g). In the case at bar, the loan amount was $111,750. One percent of the face amount is $1,117.50, and one half of which is $558.75. Therefore, in order to be in compliance with TILA, the title insurance charge cannot be overstated by more than $558.75.

The Seventh Circuit has noted that it is inconsistent to include the amount paid for a title search with the amount paid for title insurance when determining whether the finance charge is reasonable or within allowable tolerances under TILA. Guise v. BWM Mortgage, LLC, No. 03-4021, U.S. App. Lexis 15997 at *8 (7th Cir. August 4, 2004). The amount paid to Lakeshore was for a title search-not title insurance. Furthermore, Lakeshore is not a party to the lawsuit and Wade does not allege any relationship between Lakeshore and Providential, New Century or Jet Title. Therefore, the amount paid to Lakeshore cannot be included in the computation. Wade mistakenly includes the amount of $450 paid to Lakeshore for the title search in her computation of a reasonable title insurance charge. Only the $614 paid to Jet Title for title insurance and endorsements can be used in the calculation.

The Seventh Circuit has also noted that "an allegedly partial overcharge does not convert the entire title insurance transaction into a finance charge, it only demonstrates that some amount of the fee was not eligible from exclusion from the finance charge computation." Id. at 11. Credit must be given for the amount that represents a

4

reasonable fee for the title insurance. Id. Therefore, the amount of $614 paid to Jet Title for title insurance and endorsements must be reduced by the reasonable fee for title insurance. Wade states in her Complaint that she could have acquired title insurance from Chicago Title for $500. The difference between the actual charge of $614 and the reasonable charge of $500 is $114, which is well below the permissible amount of $558.75. New Century would have had to under-disclose the finance charge by more than $558.75 in order to violate TILA. Here, the amount of the finance charge was too insignificant to entitle debtors to rescission of their loan. Therefore, New Century's Motion to Dismiss Counts I and II is granted.

III. Motion for Leave to File an Amended Complaint

New Century opposes Wade's request to file an amended complaint since the proposed amendment fails to state a cause of action. "Rule 15(a) notes that 'leave shall be freely given when justice so requires. As we have previously recognized, however, such leave can be legitimately denied where there has been undue delay, dilatory motive on the part of the movant, repeated failure to cure previous deficiencies, and where amendment would be futile." McGee v. Kerr-Hickman Chrysler Plymouth, 93 F.3d 380, 385 (7th Cir. 1996). The proposed amended complaint does not cure the deficiencies of her claim. Even if the allegations in the Amended Complaint are true, Wade is still not entitled to a rescission of the contract. In the Amended Complaint, Wade claims that the amount of $469 was actually paid for title insurance and that she was overcharged $717. Wade still maintains that the entire $1,186 fee should be applied to determine the reasonableness of the title insurance charge. However, this Court has determined that the amount paid to Lakeshore for the title search should not be included and that only the

5

$614 that was paid to Jet Title is at issue. The difference between the $614 claimed to have been paid to Jet Title and the $469 Wade claims is the actual cost of the title insurance is $145. This amount is still within the 0.5% allowable variance for rescission cases. Thus, the amendment of Wade's Complaint would be futile. Therefore, Wade's Motion for Leave to Amend her Complaint is denied.

IV. Illinois Consumer Fraud Act

In Count III, Wade also brings a claim against Defendants under the Illinois Consumer Fraud Act. However, the Illinois Supreme Court has held that compliance with the Truth in Lending Act, 15 U.S.C. § 1601 et seq. is a complete defense under the Illinois Consumer Fraud Act. Robinson v. Toyota Motor Credit Corp., 775 N.E.2d 951, 962 (Ill. 2002). The Illinois Consumer Fraud Act "provides that it does not apply to actions or transactions specifically authorized by laws administered by any regulatory body or officer acting under Illinois statutory authority or the United States." Id. Since the Complaint failed to establish that Defendants violated TILA, it does not state a claim under the Illinois Consumer Fraud Act. Therefore, Count III is dismissed.

## CONCLUSION

For the reasons set forth above, New Century's Motion to Dismiss is granted.

ENTER:

George M. Marovich
United States District Judge

DATED: Sept. 28, 2004

6